IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TANGA PAYNE, | * | |
| Plaintiff, | * | |
| v. | * | Case No. TJS-25-1201 |
| WASHINGTON METRO AREA TRANSIT AUTHORITY, | * | |
| | * | |
| Defendant. | | |

* * * * * *

**MEMORANDUM OPINION**

Pending before the Court is Defendant Washington Metropolitan Area Transit Authority's ("WMATA") Motion for Summary Judgment.[1] ECF No. 33. Having considered the parties' submissions (ECF Nos. 33, 36 & 37), I find that a hearing is unnecessary. Loc. R. 105.6. For the following reasons, WMATA's Motion will be denied.

## I. BACKGROUND

### A. Factual and Procedural Background

Unless otherwise noted, the following facts are not in dispute. On July 17, 2022, Plaintiff Tanga Payne was operating a Montgomery County Department of Transportation Ride On bus at the Silver Spring Metro Center, and WMATA Metrobus Operator Stacey Tyson followed behind driving a WMATA Metrobus. ECF No. 33-1, ¶¶ 1, 2, 4. Payne approached a stop sign, turned right into the bus loop, then pulled into the first bus bay to the right of the road. *Id.* ¶ 5; ECF No. 33,

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 12.

Ex. 3, at 13:53:22–32. While parked, the Ride On bus was protruding into the road. ECF No. 33-1, ¶ 5. Tyson soon after stopped at the same stop sign and began turning into the bus loop. *See id.* ¶ 7; ECF No. 33, Ex. 3, at 13:53:30–36. As Tyson attempted to maneuver around the Ride On bus parked in the bay, she was looking to her right toward the Ride On bus. ECF No. 33-1, ¶ 8. Before completing the turn, the right rear side of the Metrobus hit the left rear corner of the Ride On bus. *Id.* ¶ 10; ECF No. 33, Ex. 3, at 13:53:37–40. At the time of contact, the Metrobus was traveling between 2 and 3 miles per hour,[2] and Payne was seated in the Ride On bus's driver's seat, wearing her seatbelt. ECF No. 33-1, ¶¶ 11, 16; ECF No. 33, Ex. 3, at 13:53:37–40.

The parties disagree on the severity of the impact. Payne describes the impact as "pretty strong," shaking the Ride On bus and "rock[ing]" and "jolt[ing]" her. ECF No. 33-1, ¶¶ 12, 13. WMATA asserts that Payne was not jolted by the contact and in fact "barely moved." *Id.* ¶¶ 14, 15.

Payne filed this action on April 10, 2025, invoking the Court's diversity jurisdiction and alleging negligence against WMATA and Tyson. ECF No. 1. Tyson was later dismissed. ECF No. 17. Following the close of discovery, WMATA moved for summary judgment. ECF Nos. 31, 33.

**B. Choice of Law**

"WMATA was established by an interstate compact among Virginia, Maryland and the District of Columbia to provide a regional system of transportation for the Washington, D.C.,

[2] Payne argues that the speed of Tyson's bus cannot be established due to "significant conflicting evidence." ECF No. 36-1, at 4. However, the video evidence (which Payne does not dispute the authenticity of and even cites to in her Opposition) shows the WMATA bus was traveling between 2 and 3 miles per hour when the buses hit. ECF No. 33, Ex. 1, at 13:53:33–40. Where the "record contains video footage that is not open to more than one interpretation and contradicts the non-movant's assertions, the Court 'view[s] the facts in the light depicted by the videotape.'" *Hall v. Wash. Metro. Area Transit Auth.*, 33 F. Supp. 3d 630, 632 (D. Md. 2014) (quoting *Scott v. Harris*, 550 U.S. 372, 381 (2007)). Accordingly, the Court finds that the WMATA bus was traveling between 2 and 3 miles per hour at the time of the impact.

metropolitan area" ("WMATA Compact"). *Delon Hampton & Assocs., Chartered v. Wash. Metro. Area Transit Auth.*, 943 F.2d 355, 357 (4th Cir. 1991); Md. Code, Transp. § 10-204 (Maryland's codification of the WMATA Compact). Under the WMATA Compact, WMATA is liable for torts that its employees commit "in the conduct of any proprietary function, in accordance with the law of the applicable signatory (including rules on conflict of laws)." Md. Code, Transp. § 10-204(80). Maryland adheres to the principle of *lex loci delicti* to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the event here took place in Maryland, Maryland law governs Payne's negligence claim.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented, and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott*, 550 U.S. at 378; *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party must cite to "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or

that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## III. DISCUSSION

To prevail on a claim of negligence in Maryland, a plaintiff must prove the following elements: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999).[3]

Considering the facts currently in the record, including the video footage from both buses, the Court finds there are genuine issues of material fact as to whether WMATA was negligent. WMATA argues that because Tyson "was driving cautiously at low speed to accommodate the traffic conditions on the bus loop," no reasonable juror could find that WMATA breached a duty to Payne. ECF No. 33-2, at 4. WMATA cites to Tyson's slow speed (between 2 and 3 miles per hour at the time of contact), her looking to the right as she attempted the turn, and the position of Payne's bus. *Id.* Plaintiff argues that the video shows Tyson "stopping before attempting the turn, then proceeding right and attempting to turn her bus around Ms. Payne's stationary vehicle" before hitting the Ride On bus. ECF No. 36-1, at 4. The Court must consider the evidence in the light most favorable to the non-moving party, and when doing so here, "the video evidence is sufficient to generate a dispute of material fact as to whether [WMATA] breached its duty to" Payne. *Estate of Billie Staton v. Wash. Metro. Area Transit Auth.*, No. 25-CV-00879-AAQ, 2026 WL 2167991, at *3 (D. Md. July 28, 2026). Further, Tyson admitted that she cut the turn too close, misjudged

[3] WMATA does not argue that it owed no duty to Payne. Thus, while resolving this Motion, the Court assumes WMATA owed a duty to Payne.

the turn, and did not know of any facts to indicate that anyone else caused or contributed to the collision. ECF No. 36-3, at 29:2–9.[4] Thus, there is a genuine issue of material fact as to breach.

The Court also finds a genuine issue of material fact as to causation and injury. During Payne's Workers' Compensation Commission proceeding (the transcript of which was submitted by WMATA), she testified that she requested medical attention after the collision because her shoulder and back were strained. ECF No. 33-8, at 10:13–15. She also stated that she had a headache, *id.* at 11:12–16, and soon after felt pain in her left leg and foot and tingling in her fingertips, *id.* at 11:20–25. Payne also testified that she never experienced back or neck pain prior to the collision. *Id.* at 33:17–25. In addition, Payne submitted her Federal Rule of Civil Procedure 26(a)(2) expert disclosures, contending three experts will testify that Payne has suffered from a plethora of physical and mental injuries due to the collision.[5] ECF No. 36-1, at 6; ECF No. 36-5.

While WMATA's argument may raise serious doubts about the likelihood of Plaintiff's success on the merits, the current record shows genuine issues of material fact to be decided by a jury. *See Michael's Fabrics v. Donegal Mut. Ins. Co.*, No. 24-CV-01585-JRR, 2025 WL 2623934, at *11 (D. Md. Sep. 11, 2025). Accordingly, the Court must deny WMATA's Motion.

---

[4] Citations refer to transcript page numbers rather than the CM/ECF page numbers.

[5] "As a general matter," courts in this District do not consider "unsworn, unauthenticated documents" on a motion for summary judgment. *Savage v. Fed. Home Loan Mortg. Corp.*, No. JKB-19-2482, 2021 WL 5330345, at *7 (D. Md. Nov. 16, 2021) (citing *Solis v. Prince George's Cnty.*, 153 F. Supp. 2d 793, 798 (D. Md. 2001)). However, a court may consider "the content or substance of otherwise inadmissible materials where the 'party submitting the evidence shows that it will be possible to put the information into an admissible form.'" *Id.* (citing *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015)). While Payne's expert disclosures are unsworn and unauthenticated, Payne proffers that the experts will testify to their findings. At this stage, the Court finds the evidence may be admissible under Federal Rule of Evidence 702, and therefore, considers it for purposes of resolving the Motion.

## IV. CONCLUSION

For the above reasons, WMATA's Motion will be **DENIED**. An accompanying Order follows.

September 23, 2026
Date

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge